BLD-219                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1997
_____

UNITED STATES OF AMERICA

v.

RASHIAD SNEAD,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:03-cr-00538-001)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Dismissal for Untimely Filing and
on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2022
Before:  MCKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: October 6, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

Pro se appellant Rashiad Snead appeals from the District Court's order denying his

motion for compassionate release/reduced sentence under 18 U.S.C. § 3582(c)(1).  The

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2003, Snead robbed eight grocery stores at gunpoint and was indicted for 18 offenses related to those robberies. Of those charges, Snead agreed to plead guilty to one count of conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951), eight counts of Hobbs Act robbery (18 U.S.C. §§ 1951, 1952), and two counts of using a gun during a crime of violence (18 U.S.C. § 924(c)(1)(A)). In exchange for the guilty plea, the Government dismissed the six other § 924(c)(1)(A) counts and one count of firearm possession by a felon (18 U.S.C. § 922(g)(1)). The District Court imposed a sentence of 390 months in prison, five years of supervised release, and a $1,100 special assessment. Snead's plea agreement contained an appellate and collateral waiver which was enforced when Snead filed a direct appeal and a subsequent motion under 28 U.S.C. § 2255. The Bureau of Prisons expects to release Snead on June 19, 2031.

In December 2020, Snead filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting that his underlying health conditions of obesity and prediabetes placed him at an increased risk of suffering adverse health effects from the COVID-19 virus; the change in law concerning the stacking of sentences imposed for his convictions under § 924(c) entitled him to relief; and he had made great progress in his rehabilitation. He argued that he had provided "extraordinary and compelling" grounds to grant the motion, and that the factors under 18 U.S.C. § 3553(a) "support[ed] a significant reduction in sentence." ECF No. 199 at 2. Snead later supplemented the grounds for relief, including assertions that the lockdowns imposed at the prison and the

2

death of his brother had caused him mental stress; efforts by the Bureau of Prison (BOP) to mitigate the effects of COVID-19 at FCI- Schuylkill were inadequate; and his violent offender status rendered him ineligible for First Step Act benefits. See ECF Nos. 211, 213. The Government opposed Snead's motion.

In its amended order denying relief, the District Court rejected Snead's asserted "extraordinary and compelling" reasons for granting the motion. See D. Ct. Order 5/11/2022 (ECF No. 218). The Court concluded that Snead presented no "extraordinary and compelling" grounds for release. See id. at 7. Further, it reasoned that the factors under 18 U.S.C. § 3553(a) did not weigh in favor of release. See id. at 7-8. Snead filed this appeal. The Government filed a motion for summary affirmance. Snead did not respond to that motion, and the time for doing so has closed.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for an abuse of decision, see United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021), and we "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (cleaned up). We may summarily affirm if the appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We agree with the Government that the appeal does not present a substantial question for review. The District Court considered Snead's arguments, including health reasons, steps at rehabilitation and good conduct, the non-retroactive changes under the First Step Act, and the length of Snead's sentence. See Dist. Ct. Order 5/11/2022 (ECF

3

No. 218) at 5-7.  It concluded that none provided "extraordinary and compelling" grounds under § 3582(c)(1)(A)(i) for granting the motion.  Id. at 7.  We discern no abuse of discretion in this conclusion.  In addition, the Court also did not abuse its discretion when it found that the § 3553(a) factors did not weigh in favor of release.  In that respect, the District Court explained that Snead had served approximately 216 months of a 390-month sentence imposed for committing eight robberies at gunpoint.  Id. at 7.  The Court considered the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, promoting respect for the law, affording adequate deterrence, protecting the public, avoiding sentencing disparities, and the need to provide restitution to victims of the offense.  See id. at 8 (citing 18 U.S.C. § 3553(a)(1)-(2), (6), and (7)).  The District Court highlighted the violent nature of Snead's crimes, the need to protect the public, and the importance of providing just punishment through Snead's sentence as particularly weighing against granting Snead any relief.  Id.  We cannot say that the District Court committed a "clear error of judgment" in its conclusions.  See Pawlowski, 967 F.3d at 330-331.

Accordingly, we will affirm the District Court's order.

4